Liu v. Sessions

BIA
Wright, IJ
A205 239 141

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

ZHI LIU,
> *Petitioner,*

> v.

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

16-1483
NAC

_____

FOR PETITIONER: Gary J. Yerman, New York, NY.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Liu, a native and citizen of the People's Republic of China, seeks review of an April 29, 2016, decision of the BIA affirming a November 4, 2014, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Liu,* No. A205 239 141 (B.I.A. Apr. 29, 2016), *aff'g* No. A205 239 141 (Immig. Ct. N.Y. City Nov. 4, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Id.* Liu has two claims for relief, one based on his pro-democracy activities in the United States and the other based on a 2007 beating by local officials in China. The claims are addressed in turn.

## I.  Political Activities in the United States

To demonstrate a well-founded fear of persecution based on his political activities in the United States, Liu must establish that his fear of persecution is objectively reasonable.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  This objective component can be satisfied either by establishing "a reasonable possibility [that] he . . . would be singled out individually for persecution" or by establishing "a pattern or practice . . . of persecution of a group of persons similarly situated to the applicant on account of . . . political opinion."  8 C.F.R. § 1208.13(b)(2)(iii); *Y.C.*, 741 F.3d at 332.  The awareness of the Chinese government is, thus, key to Liu's asylum claim.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").  Accordingly, at a minimum, Liu was required to present credible testimony that the Chinese government was aware or likely to become aware of his political activities.

The agency reasonably concluded that Liu could not meet his burden of proof because he did not provide reasonably available evidence corroborating his claim. First, in light of various inconsistencies between Liu's testimony and his other evidence, the agency did not err in requiring corroborating evidence. In particular, Liu failed to amend his asylum application to reflect alleged subsequent encounters between the police and his family in China regarding Liu's political activity in the United States, despite supplementing his application in other ways. In addition, Liu testified that he did not tell anyone in the Chinese Freedom and Democracy Party ("CFDP") about his suspicion that there was a Chinese government spy within the organization, but the CFDP chairman testified that he and Liu discussed those concerns. Liu also gave conflicting reasons for his first trip to the United States.

The agency thus reasonably concluded that corroborating evidence was required to support Liu's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). But, critically, Liu did not provide statements from his cousin or his ex-wife regarding their alleged encounters with the Chinese police. While Liu's explanations that his cousin was afraid of retaliation and that he is estranged from his ex-wife are plausible, they do not

4

compel a finding that their statements were unavailable. *See* 8 U.S.C. § 1252(b)(4).

Liu also testified that the Chinese authorities were likely aware of his activism because his articles and photographs of his attendance at CFDP protests were online. The agency did not err in finding this evidence insufficient to show official awareness. *See Y.C.*, 741 F.3d at 333-34, 336-37. The agency also reasonably determined that Liu did not demonstrate a "pattern or practice" of persecution of similarly situated pro-democracy activists. *Id*. at 334-35.

For the foregoing reasons, the agency reasonably determined that Liu did not demonstrate an objectively reasonable fear of persecution. This finding is dispositive of asylum, withholding of removal, and CAT relief to the extent the claims are based on Liu's activities in the United States. *Id.* at 335; *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

## II.  2007 Beating

To the extent Liu argues that he is eligible for asylum, withholding of removal, and CAT relief based on his 2007 beating, we find no error in the agency's conclusion that he is not.

To be eligible for asylum and withholding of removal on this basis, Liu must show that the beating was on account of a protected ground. 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A). He did not. He testified that, in 2007, city administration officials beat him outside his store for refusing to pay extortion money and that all vendors were targeted for extortion. This does not show that a protected ground was a central reason for the extortion or beating. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Matter of C-T-L*, 25 I. & N. Dec. 341, 346-50 (B.I.A. 2010) (holding that the "one central reason" standard also applies to withholding of removal). Liu argued to the BIA that he was targeted because of his family ties or imputed political opinion, but the BIA properly rejected this argument because Liu did not present testimony or evidence to support it.

The agency also reasonably concluded that Liu did not meet his burden for CAT relief. To obtain CAT relief, an applicant must establish that he would more likely than not be tortured in the future. *Ramsameachire*, 357 F.3d at 184-85; *see* 8 C.F.R. § 1208.16(c)(2), (3). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment . . . ." 8 C.F.R.

6

§ 1208.18(a)(2).  As discussed above, Liu's failure to show an objectively reasonable fear of harm stemming from his political activities in the United States is dispositive of that ground for CAT relief.  Moreover, although Liu testified to a 2007 beating, he provided no evidence of a likelihood of being subject to future harm on that basis.  *See* 8 C.F.R. § 1208.16(c)(2),(3).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7